Gregory S. Abrams, CA SBN 96759
**Douglas D. Kappler, CA SBN 48979 - Primary Attorney**
A·S·K FINANCIAL
16150 Hartsook Street
Encino, California 91436
**Telephone:** (818) 609-9268 ext. 120    **Fax:** (818) 609-9686
**e-mail**: dkappler@askfinancial.com
\c-pr.frm - F:\WP\MM\cki\C-S1.wpd
Attorneys For Plaintiff, David L. Hahn, Chapter 7 Trustee
for the bankruptcy estate of Classics Kristall Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Classics Kristall Inc.,<br><br>          Debtor, | Bk. No. 09-13862-PC<br><br>Chapter 7<br><br>Adv. No. |
| David L. Hahn, Chapter 7 Trustee for the Bankruptcy Estate of Classics Kristall Inc.,<br><br>          Plaintiff,<br>vs.<br><br>Dison Gems, Inc,<br><br>          Defendant. | **COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**<br><br>DATE: **Refer to Summons**<br>TIME:<br>CTRM:<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

   David L. Hahn, Chapter 7 Trustee for the Bankruptcy Estate of Classics Kristall Inc. (the "Plaintiff" or "Trustee"), by its undersigned attorneys, in support of this complaint (the "Complaint") to avoid and recover preferential transfers against Dison Gems, Inc (the "Defendant"), hereby alleges upon information and belief that:

### NATURE OF THE CASE

   1.  This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property

made for or on account of an antecedent debt and to or for the benefit of Defendant by Classics Kristall Inc. (the "Debtor") during the ninety-day period prior to the filing of the Debtor's bankruptcy petition pursuant to 11 U.S.C. §§ 547 and 550. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 7 estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 09-13862, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502 and 547. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in Central the District of California pursuant to 28 U.S.C. § 1408.

## BACKGROUND

5. This bankruptcy case was commenced by the filing on February 20, 2009 (the "Petition Date") of a voluntary petition for relief under Chapter 7 of title 11 of the United States Code by the Debtor. Plaintiff is the duly appointed Chapter 7 Trustee and is authorized to commence suit on behalf of the Debtor's chapter 7 estate. Plaintiff was appointed Trustee on or about November 5, 2009, upon the conversion of this case from Chapter 7 on said date.

6. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation organized under the laws of the State of New York.

## CLAIMS FOR RELIEF

## COUNT 1

### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

7. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. On or within 90 days before the Petition Date, that is between November 22, 2008 and February 20, 2009 (the "Preference Period"), the Debtor continued to operate his business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including Defendant.

9. Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

10. Plaintiff has determined that the Debtor made transfers to Defendant during the Preference Period in an amount not less than $13,596.40 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by this reference are copies of the Transfers presently known to Plaintiff.

11. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544 and §545) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

1     12.    Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

13. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

14. The Transfers were for, or on account of, antecedent debts owed by the Debtor before the Transfers were made.

15. The Debtor was insolvent at all times during the 90 days prior to the Petition Date. Plaintiff is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. §547(f)

16. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

17. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

18. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b). The Transfers are collectively referred to herein as "All Avoided Transfers."

20. Defendant was the initial transferee of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

21. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

24. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. § 547.

25. Defendant has not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

26. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

27. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through III, that the Court enter a judgment against Defendant:

A. That All Avoided Transfers avoidable under 11 U.S.C. §§ 547 in the amount of $16,272.90 be avoided;

B. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee;

D. Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

1     F.    Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

3     G.    Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff;

5     H.    Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 11, 2011

A·S·K FINANCIAL

By   */s/ Gregory S. Abrams*
Gregory S. Abrams, Esq., Douglas D. Kappler, Esq.
Attorneys For Plaintiff, David L. Hahn, Chapter 7 Trustee for the Bankruptcy Estate of Classics Kristall Inc.

# EXHIBIT A

9220

Vendor No: 0024    / Name: DISONS GEMS, INC

| Invoice | Reference | Inv Date | Inv Amt | Amt Paid | Discount | Adj Amt | Net Amt |
|---|---|---|---|---|---|---|---|
| 84720 | | 04/28/08 | 10611.80 | 6013.05 | 0.00 | 0.00 | 6013.05 |

(Acct 10500-)    Check Date = 10/02/08    Check Total =    6013.05



**KRISTALL, INC.**
611 WEST 6TH STREET, SUITE 1600
LOS ANGELES, CA 90017
(213) 624-4000

BANK OF AMERICA
CENTURY CITY COMMERCIAL BANKING
2049 CENTURY PARK E.
LOS ANGELES CA
16-66-1220

9220

***Six Thousand Thirteen & 05/100 Dollars

DATE 10/02/08    AMOUNT ***6,013.05

PAY TO THE ORDER OF

DISONS GEMS, INC
415 MADISON AVENUE, SUITE 800
NEW YORK, NY  10017

⑈009220⑈ ⑆122000661⑆ 14179⑈0445⑈

KRISTALL, INC.    9220

EXHIBIT A PAGE 7

DELUXE BUSINESS FORMS 1+800-328-0304 www.deluxeforms.com

KRISTALL, INC.                                                                 9135

Vendor No: 0024     / Name: DISONS GEMS, INC

| Invoice | Reference | Inv Date | Inv Amt  | Amt Paid | Discount | Adj Amt | Net Amt |
|---------|-----------|----------|----------|----------|----------|---------|---------|
| 84720   |           | 04/28/08 | 10611.80 | 4598.75  | 0.00     | 0.00    | 4598.75 |

(Acct 10500-)              Check Date = 08/22/08         Check Total =   4598.75

                                                                                 9135

KRISTALL, INC.
611 WEST 6TH STREET, SUITE 1800
LOS ANGELES, CA 90017
(213) 694-4000

BANK OF AMERICA
CENTURY CITY COMMERCIAL BANKING
2049 CENTURY PARK E.
LOS ANGELES CA
16-66-1220

***Four Thousand Five Hundred Ninety-Eight & 75/100 Dollars

DATE        08/22/08                 AMOUNT  ***4,598.75

PAY TO THE ORDER OF

DISONS GEMS, INC
22 WEST 48TH STREET
NEW YORK, NY  10036

⑈009135⑈ ⑆122000661⑆ 14179⑈0455⑈

KRISTALL, INC.                                                                 9135

EXHIBIT  A  PAGE  8

DELUXE BUSINESS FORMS 1-800-328-0304 www.deluxeforms.com

```
KRISTALL, INC.                                                            9136
Vendor No: 0024      / Name: DISONS GEMS, INC

Invoice    Reference   Inv Date    Inv Amt    Amt Paid    Discount    Adj Amt    Net Amt
54719                  04/23/08    2401.25    2401.25     0.00        0.00       2401.25
                                                                                 ---------
(Acct 10500-)                    Check Date = 08/22/08         Check Total =     2401.25
```



**KRISTALL, INC.**
611 WEST 6TH STREET, SUITE 1800
LOS ANGELES, CA 90017
(213) 624-4000

BANK OF AMERICA
CENTURY CITY COMMERCIAL BANKING
2049 CENTURY PARK E.
LOS ANGELES CA
16-66-1220

***Two Thousand Four Hundred One & 25/100 Dollars

DATE  08/22/08

AMOUNT  ***2,401.25

PAY TO THE ORDER OF

DISONS GEMS, INC
22 WEST 48TH STREET
NEW YORK, NY 10036

⑈009136⑈ ⑆122000661⑆ 14179⑈0445⑈

KRISTALL, INC.                                                            9136

EXHIBIT  A   PAGE  9

9136

DELUXE BUSINESS FORMS 1-800-328-0304 www.deluxeforms.com

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>David L. Hahn, Chapter 7 Trustee for the Bankruptcy Estate of Classics Kristall Inc., | **DEFENDANTS**<br>Dison Gems, Inc.<br>Milan Mehta, Principal<br>Dison Gems, Inc.<br>415 Madison Avenue, Suite 800<br>New York, NY 10017 |
| **ATTORNEY** (Firm Name, Address, and Telephone No.)<br>Gregory S. Abrams, CA SBN 96759<br>A·S·K FINANCIAL<br>16150 Hartsook Street<br>Encino, California 91436<br>**Telephone:** (818) 609-9268 ext. 120  **Fax:** (818) 609-9686<br>**e-mail:** gabrams@askfinancial.com<br>\b104-cvr.frm \| F:\WP\MM\CKI\CVRPGE.WPD<br>Attorneys For Plaintiff, David L. Hahn, Chapter 7 Trustee | **ATTORNEY** (If Known) |
| **PARTY** (Check one box only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check one box only) Defendant<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

ACTION TO AVOID AND RECOVER TRANSFERS OF PROPERTY, 11 U.S.C. §§ 547 and 550

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc..)

**FRBP 700(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 700(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 700(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 700(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocaton of discharge - §272(c),(d),(e)

**FRBP 700(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 700(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 66-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 66-Dischargeability - §523(A)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 700(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 700(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 700(8) Subordination of Claim or Interest**
☐ 81-Subordination of Claim or interest

**FRBP 700(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 700(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $13,596.40 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Classics Kristall Inc. ||| BANKRUPTCY CASE NO.<br>09-13862-PC |
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>  /s/ Gregory S. Abrams ||||
| DATE<br>February 16, 2011 | PRINT NAME<br>Gregory S. Abrams |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtors's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. the clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the name and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address and Telephone & FAX Numbers, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gregory S. Abrams, CA SBN 96759<br>Douglas D. Kappler, CA SBN 48979<br>A·S·K FINANCIAL<br>16150 Hartsook Street<br>Encino, California 91436<br>Telephone: (818) 609-9268  Fax: (818) 609-9686<br>e-mail: gabrams@askfinancial.com<br>\b104-cvr.frm | F:\WP\MM\CKI\SUMS1.WPD<br>Attorneys For Plaintiff, David L. Hahn, Chapter 7 Trustee | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

Classics Kristall Inc.,

Debtor.

CHAPTER 7 CASE NUMBER
09-13862 - PC

ADVERSARY NUMBER

David L. Hahn, Chapter 7 Trustee,

Plaintiff,

v.

Dison Gems, Inc.,

Defendant(s).

(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them in)

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

**TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date**: _____  **Time**: _____  **Courtroom**: _____
    **Floor**: _____

☒ **255 East Temple Street, Los Angeles**
☐ 21041 Burbank Boulevard, Woodland Hills
☐ 3420 Twelfth Street, Riverside
☐ 411 West Fourth Street, Santa Ana
☐ 1415 State Street, Santa Barbara

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

Jon D. Ceretto
Clerk of the Bankruptcy Court

By: _____
    Deputy Clerk

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                                        **F 7004-1**